HILDA S. PINKSTON, ADMINISTRATRIX OF THE ESTATE OF ROBERT M. PINKSTON, DECEASED v. BALDWIN, LIMA, HAMILTON COMPANY, A CORPORATION; CLARK EQUIPMENT COMPANY, A CORPORATION; ARMOUR & COMPANY, A CORPORATION; AND F. W. ALTMAN T/A F. W. ALTMAN COMPANY; AND ROBERSON CONSTRUCTION COMPANY, INC.

No. 7526SC1049

(Filed 2 June 1976)

**Death § 4; Limitation of Actions § 4— wrongful death — defective product —statute of limitations**

A cause of action for wrongful death alleged to have resulted from a hidden defect in a crane accrues at the time of decedent's death rather than at the time the crane was sold and is governed by the two-year statute of limitations of G.S. 1-53(4), not the ten-year statute of limitations of G.S. 1-15(b).

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 16 October 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 April 1976.

This is an action for wrongful death instituted pursuant to G.S. 28-173 (now G.S. 28A-18.2). On 14 June 1972 plaintiff's intestate was employed by F. D. McDonald Steel Erectors as a heavy equipment operating engineer on a construction project at Redmon Industries in Fayetteville, North Carolina. He was operating a 50-ton crane manufactured by defendant Baldwin, Lima Hamilton Co. (BLH), in 1961. The crane, a model 65-t, was being used to lift structural steel into place. While intestate was attempting to lift material within the crane's load limit, the rear roller bracket assembly failed and the crane collapsed, crashing down on intestate crushing him to death.

Plaintiff qualified as administratrix of the estate and instituted this action for wrongful death on 11 January 1973. She alleged that the crane was manufactured and sold by defendant BLH in 1961; that the crane was negligently designed and defective materials were used in its construction; that subsequent to 1961 defendant Armour purchased or merged with the Lima Division of defendant BLH and assumed its liabilities; that defendant Clark is a subsidiary or successor to defendant Armour; that the crane at various times was owned by certain other defendants and in 1969 was purchased by McDonald.

Plaintiff sought discovery through interrogatories which remained unanswered and on 11 June 1975 moved for sanctions against defendant BLH for failure to respond to the interrogatories. On 18 August 1975 defendants BLH, Clark, and Armour moved for summary judgment under Rule 56, their motion being based on their pleas of the 10-years statute of limitations set forth in their answers.

On 16 October 1975 the trial court entered an order allowing the motions for summary judgment and plaintiff appealed. By an amendment to the order, the trial court determined that there was no just reason for delay.

*Newitt & Bruny, by Roger H. Bruny and John C. Newitt, Jr., for plaintiff appellant.*

*Golding, Crews, Meekins, Gordon & Gray, by John G. Golding and C. Byron Holden, for defendant appellees.*

BRITT, Judge.

By its assignments of error, plaintiff contends the trial court erred (1) in entering summary judgment and (2) in failing to rule on plaintiff's motion for sanctions based on defendants' failure to respond to interrogatories. The assignments have merit.

On the question of summary judgment, we think the facts presented in the instant case are very similar to those presented in *Raftery v. Vick Construction Company, et al.* (No. 7511SC932, heard in this court on 11 March 1976, opinion filed 19 May 1976), and that the same principles of law apply. In *Raftery* this court concluded that it was bound by the decision of our Supreme Court in *Causey v. Railway Company,* 166 N.C. 5, 87 S.E. 917 (1914), holding that the cause of action accrued at the death of the intestate. While the *Causey* decision has been criticized, we hold that it is binding on us, therefore, we reverse the order granting appellees' motion for summary judgment. *See also Arrowood v. General Motors, Corp.,* No. 74-2148 (4th Cir., 3 March 1976).

With respect to plaintiff's motion for sanctions, this motion is still before the trial court and subject to its consideration.

For the reasons stated, the order appealed from is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges VAUGHN and ARNOLD concur.